In the Matter of the Claim of ROBERT A. LITTLE, Respondent, against THE CHAPIN Co. and MARYLAND CASUALTY COMPANY, Appellants. STATE INDUSTRIAL BOARD, Respondent.— This is an appeal by the employer and the carrier herein from a decision of the State Industrial Board which rescinded the decision of the referee which disallowed the claim on the ground that no accidental injury was sustained and that no causal relationship was shown. Claimant was employed as a refrigeration salesman and had been so employed for a period of three and one-half years. His employer was engaged in the business of plumbing and selling heating and refrigerating appliances and installing the same. On September 7, 1938, at about seven-thirty P. M. claimant called at the home of a prospective customer in connection with the sale for his employer of an oil burner for a furnace. It was necessary for him to go into the cellar of the customer's home and measure the fire pot and ash pit, he being unaccustomed to selling oil burners, although the testimony shows that a salesman familiar with furnaces could obtain the required information by observation and without making actual measurements. In order to make these measurements, claimant was obliged to lie on a cement floor for about twenty-five minutes. Along one side of the cellar and a few feet from the furnace was a pile of drift wood extending along the wall about sixteen feet and about seven feet in height. This wood was wet, having been taken from the river two or three weeks before. The cement floor was damp and the temperature about fifteen degrees lower than the upstairs temperature. Upon finishing the measuring of the furnace claimant felt a pain in his left side and went home immediately and called a doctor, who observed symptoms of pneumonia. The following day claimant was taken to the hospital, lobar penumonia, complicated with pleurisy, having developed. An operation was necessary and a portion of a rib removed. The State Industrial Board found that the injuries suffered by claimant were accidental injuries within the purview of the Workmen's Compensation Law and that medical evidence of causal relation between the accident and the pneumonia was sufficient to justify an award. The evidence is amply sufficient to justify the [an] award and the award [decision] should be affirmed. (*Matter of Lerner* v. *Rump Bros.*, 241 N. Y. 153; *Matter of Brennan* v. *Hockensmith Construction Co.*, 256 App. Div. 870; affd., 281 N. Y. 703; *Matter of Lurye* v. *Stern Bros. Dept. Store*, 275 id. 182.) Award [decision] unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Crapser, Bliss, Schenck and Foster, JJ.